UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOYSEL MATEO,<br><br>Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | No. 25-cr-10161-ADB |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Defendant Joysel Mateo ("Defendant") has moved to dismiss the third count of the indictment, charging him with possession of a firearm in furtherance of a drug trafficking crime. [ECF No. 61]. Mateo cites the legal standard for a sufficiency-of-the-evidence challenge, see [id. at 3 (citing United States v. Ridolfi, 768 F.3d 57, 61 (1st Cir. 2014))], and on that basis argues that the government will not be able to prove its case, see [id. at 4–5]. That standard does not apply at this stage. Rather, "[w]hen considering a motion to dismiss in a criminal case, a court accepts the factual allegations in the indictment as true," United States v. Sidoo, 471 F. Supp. 3d 369, 376 (D. Mass. 2020) (citing Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343 n.16 (1952)), and asks only whether the indictment adequately "apprise[s] the defendant of the charged offense," id. (quoting United States v. Ngige, 780 F.3d 497, 502 (1st Cir. 2015)). Provided that "the words of the statute . . . set forth all the elements of the offense without any uncertainty or ambiguity," id. (quoting United States v. Brown, 295 F.3d 152, 154 (1st Cir. 2002)), an indictment generally need only "articulate the offense" by reciting the statutory language. Id. The Court cannot dismiss an indictment on factual grounds where the

record is "incomplete or disputed," and the government does not need to "complete the factual record" until trial. United States v. Rodríguez-Rivera, 918 F.3d 32, 35 (1st Cir. 2019). Here, the Court finds the indictment sufficient. Accordingly, the motion is **DENIED**.

**SO ORDERED.**

August 20, 2026

*/s/ Allison D. Burroughs*
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE